Ryan Van Dyck, 41206-408
Name and Prisoner/Booking Number

FCI Petersburg
Place of Confinement

PO Box 1000
Mailing Address

Petersburg, VA 23804
City, State, Zip Code

FILED ___ LODGED
RECEIVED ___ COPY

NOV 24 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Ryan Galal Van Dyck,
(Full Name of Petitioner)

Petitioner,

v.

J. Bienemy, Warden,
(Name of the Director of the Department of Corrections, Jailor or authorized person having custody of Petitioner),

Respondent,
and
The Attorney General of the State of Arizona,

Additional Respondent.

CASE NO. CV-25-645-TUC-CKJ-MSA
(To be supplied by the Clerk)

PETITION UNDER 28 U.S.C. § 2254
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
(NON-DEATH PENALTY)

Oral Argument Requested

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Pima County Superior Court, 110 W. Congress St. Tucson AZ 85701

   (b) Criminal docket or case number: CR-20143891

2. Date of judgment of conviction: 4/26/2019

3. In this case, were you convicted on more than one count or crime?    Yes ☒    No ☐

4. Identify all counts and crimes for which you were convicted and sentenced in this case: _20 Counts of Sexual Exploitation of a Minor under 15_

5. Length of sentence for each count or crime for which you were convicted in this case: _10 years per count (statutory minimum) totaling 200 years in prison. (Arizona requires mandatory consecutive sentencing for this crime)_

6. (a) What was your plea?
   Not guilty ☒
   Guilty ☐
   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

   (c) If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☒

7. Did you testify at the trial?   Yes ☐   No ☒

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☒   No ☐

   If yes, answer the following:

   (a) Date you filed: _7/23/20_

   (b) Docket or case number: _2CA-CR-2019-0156_

   (c) Result: _Affirmed_

   (d) Date of result: _9/02/21_

   (e) Grounds raised: _1) Warrantless search of email attachment supporting probable cause for search warrant; 2) Illegal subpoena to obtain my subscriber information; 3) Search warrant was stale; 4) Warrant extension supported on false basis; 5) Search warrant was expired when executed. 6) 200 year sentence for possession of 20 images amounts to cruel and unusual punishment._

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

9. Did you appeal to the Arizona Supreme Court? Yes ☒  No ☐

   If yes, answer the following:

   (a) Date you filed: __unknown__

   (b) Docket or case number: __CR-21-0330-PR__

   (c) Result: __Petition fo Review Denied__

   (d) Date of result: __08/25/22__

   (e) Grounds raised: __(I do not have a copy of this petition)__

   Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

    If yes, answer the following:

    (a) Date you filed: __01/20/2023__

    (b) Docket or case number: __22-6762__

    (c) Result: __Petition for Writ of Certiorari denied__

    (d) Date of result: __03/20/2023__

    (e) Grounds raised: __1) Life sentence for mere possession of child pornography images violates the Eighth Amendment's prohibition on cruel and unusual punishment.__

    Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?  Yes ☒   No ☐

    If yes, answer the following:

(a) First Petition.

    (1) Date you filed: 09/21/2023

    (2) Name of court: Pima County Superior Court

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): Rule 32

    (4) Docket or case number: CR20143891-001

    (5) Result: Dismissed

    (6) Date of result: 04/18/2024

    (7) Grounds raised: Appellate Counsel Ineffective: (1) Structural Error with invalid trial waiver not raised; (2) Failure to develop and argue preserved, colorable argument with illegal search of email attachment; (3) Failure to raise preserved Franks issue on warrant and warrant extension; Trial Counsel: (1) Failure to consult expert on computers; (2) Failure to suppress statements with illegal arrest.

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Second Petition.

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4) Docket or case number: _____

    (5) Result: _____

    (6) Date of result: _____

    (7) Grounds raised: _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) Third Petition.

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4) Docket or case number: _____

    (5) Result: _____

    (6) Date of result: _____

    (7) Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d) Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: |  | Arizona Supreme Court: |  |
|---|---|---|---|---|
| (1) First petition: | Yes ☒ | No ☐ | Yes ☒ | No ☐ |
| (2) Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3) Third petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e) If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____
_____
_____
_____

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>**CAUTION:**</u>  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Appellate Counsel was ineffective for failure to raise my strongest issue: Pima County Superior Court never assessed or determined whether my waiver of my right to a jury trial was voluntary.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
In my case, the trial court did not determine or assess in-person or on record that I voluntarily waived my right to a jury trial. Appellate counsel had access to a developed record and missed this critical issue which rises to the level of structural error, requiring a new trial.
In Arizona, just like federal court, there must be a finding of knowing, intelligent, and voluntary waiver to a jury trial. Although the record does not reflect any findings by the trial court of any of the three requirements above, the colloquy between the trial court and myself, the knowing and intelligent factor could be implied. However, voluntary requirement is completely missing and is distinct.
Because the trial court did not make the determination it is structural error. Because appellate counsel failed to review the record and recognize this strong issue (ones far stronger than others raised) it was grossly deficient. But for this error, the outcome of the appeal would be different.

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?   Yes ☒   No ☐

(c) If yes, did you present the issue in a:
   Direct appeal       ☐
   First petition      ☒
   Second petition     ☐
   Third petition      ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?   Yes ☒   No ☐

**GROUND TWO:** Appellate counsel's performance was deficient for failing to adequately develop and argue a preserved, colorable claim that law enforcement's search of my email attachment was unlawful warranting suppression of evidence. I suffered prejudice because the court of appeals deemed my claim waived and no analysis was conducted.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
　　In this case, America Online (AOL) detected a suspected image passing through their network using image detection filtration process (IDFP). IDFP detected the image by scanning an alpha-numeric digital address based on the image composition properties. No human or private review was conducted of the image until law enforcement reviewed the email attachment without a warrant.
　　In this case, appellate counsel failed to provide any foundation or relevant caselaw to support this preserved, developed issue. I even sent a letter to the court of appeals requesting to supplement the brief or otherwise let me resolve it. The court of appeals denied my plea for help and waived my issue later. Appellate counsel withdrew from my case, openly sharing to the court my dissatisfaction.
　　By the time new counsel was appointed, the damage was done and the briefs were submitted. This important issue was waived and no analysis conducted. Therefore, my right to review was foreclosed for grossly deficient performance. Caselaw existing at the time of my appeal favored my claim and undermined the state's defenses to the illegal search. Therefore, I suffered prejudice because but for counsel's errors, the outcome would have been different - especially to it not being waived, but also because the available caselaw casted concerns to police conduct in the handling of the search.

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?　Yes ☒　　　No ☐

(c) If yes, did you present the issue in a:
　　Direct appeal　　　　☒
　　First petition　　　　☒
　　Second petition　　　☐
　　Third petition　　　　☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?　Yes ☒　　　No ☐

**GROUND THREE:** Appellate Counsel was ineffective for failing to raise a preserved Franks issue respecting the initial warrant which resulted in this critical claim to be waived.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The search warrant in this case was executed on the basis on many bolstered claims, false statements, omitted facts, and non-compliance with the law. All of this information was critical and is vital in the probable cause determination.
For example, the search warrant affidavit suggests that America Online or the National Center for Missing and Exploited Children determined and described the image content when in fact law enforcement conducted the illegal search. (See Ground 1).
Other examples include: 1) Omission that the email address sending the illegal image didn't belong to me; 2) IP address belonged to a business and multiple people frequented that location; 3) Misrepresentation of offense dates; 4) Omission of the improper process of the subpoena process; 5) Bold assertion of an inappropriate relationship with a teenage girl (with no proof); 6) Reference to a former child erotica investigation but intentional omission that no illegal images were found (despite his expert testimony stating child erotica always yields child pornography); 7) Misrepresentation that multiple "images" were traded despite knowing only one image was discovered.
This was a completely preserved and developed argument and all these issues as a whole should have been reviewed by the appellant court. The false information and material omissions were substantial and absent this deficient performance, the outcome would be different.

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☒   No ☐

(c) If yes, did you present the issue in a:
　　Direct appeal　　　　☒
　　First petition　　　　☒
　　Second petition　　　☐
　　Third petition　　　　☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☒   No ☐

**GROUND FOUR:** Appellate Counsel was ineffective for failure to raise a valid Franks, bad faith, perjury and due process issue with respect to the warrant extension which extended the warrant that would have otherwise been void at its execution by relying on facts and testimony not previously presented to the trial court.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Consistent with the same falsehoods and material omissions of the search warrant affidavit, the same issue exists with the search warrant extension. The warrant extension request falsely stated that I was out of town the day law enforcement would serve the warrant (9/4/14) and that they had reliable information I would be back on 9/9/14.
Testimony at the trial court demonstrated this claim was false. Officers provided contradictory sources for their claim. No efforts to contact me were made. The fact my wife was home during the life of the warrant was omitted. Testimony showed no surveillance was conducted 9/4 - 9/9 - all days the warrant was valid. Additionally, bold references to an inappropriate relationship were included omitting the fact no charges were filed, and referenced a child pornography investigation (even though it was only erotica found) and omitted that no illegal images or charges were filed.
Appellate counsel relied on testimony in federal court that revealed the deception of the officers and where law enforcement admitted the extension was false. Because it was not preserved, it limited the court of appeals to fundamental error, which she did not raise either and it was waived. Therefore, appellate counsel was ineffective in performance by failing to present this issue properly and because if these false statements were excluded from the warrant request or the request stricken for bad faith, the outcome of the appeal would have been different.

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?   Yes ☐   No ☐

(c) If yes, did you present the issue in a:
  Direct appeal       ☐
  First petition      ☐
  Second petition     ☐
  Third petition      ☐

(d) If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: _____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?   Yes ☐   No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐   No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available: _____
    _____
    _____
    _____
    _____
    _____

14. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐   No ☒

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____
    _____
    _____
    _____
    _____
    _____

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?   Yes ☐   No ☒

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:
    _____
    _____
    _____

    (b) Date that the other sentence was imposed: _____

    (c) Length of the other sentence: _____

    (d) Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?   Yes ☐   No ☒

16. **TIMELINESS OF PETITION:** If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:
  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: <u>reverse the lower court's denial of my Rule 32, vacate my convictions and sentences, and suppress evidence illegally obtained pursuant to the Fourth Amendment.</u>

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on <u>November 18, 2025</u> (month, day, year).

*[signature]*
Signature of Petitioner

_____    _____
Signature of attorney, if any                Date

11